UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHAYRIE GOMEZ HORTA

        Plaintiff,

-vs-

COMMISSIONER OF SOCIAL SECURITY[1],

        Defendant.

**16-cv-0363 (MAT)**
**DECISION AND ORDER**

---

## I. Introduction

Plaintiff Shayrie Gomez Horta ("plaintiff") brings this action pursuant to 42 U.S.C. § 405(g), claiming that defendant, the Acting Commissioner of Social Security ("Commissioner" or "defendant"), improperly denied her application for supplemental security income ("SSI") under the Social Security Act (the "Act"). Currently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure.

On March 20, 2018, Magistrate Judge Michael J. Roemer issued a Report and Recommendation (the "R&R") (Docket No. 22) recommending that defendant's motion be granted and plaintiff's motion be denied. As discussed further below, the Court adopts Judge Roemer's findings and accepts his recommendation as to the disposition of the pending motions.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

**II. Discussion**

    **A.    Standard of Review**

When specific objections are made to a magistrate judge's report and recommendation, the district judge makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). When only general objections are made to a magistrate judge's report and recommendation, the district judge reviews it for clear error or manifest injustice. *See, e.g., Brown v. Peters*, 95-CV-1641-RSP-DS, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997), *aff'd*, 175 F.3d 1007 (2d Cir. 1999). After conducing the appropriate review, the district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

    **B.    Procedural Background**

Plaintiff's application for SSI was filed on November 15, 2011, and was initially denied on January 5, 2012. Administrative Transcript (hereinafter "T.") 46-52. Following a hearing before administrative law judge ("ALJ") Mark Hecht, during which testimony was taken from plaintiff and a vocational expert ("VE"), the ALJ issued an unfavorable finding that plaintiff was not disabled under the Act on January 4, 2013. T. 29-39, 14-28. Plaintiff appealed the ALJ's decision to the Appeals Council, which denied the request for review on March 24, 2014. Plaintiff commenced suit in this

Court challenging the denial of benefits. *Gomez Horta v. Colvin*, 14-CV-388-RJA-LGF (W.D.N.Y. 2014). The parties stipulated that the case be remanded for further proceedings. A hearing in front of ALJ Timothy M. McGuan was held on December 8, 2015, during which plaintiff, represented by counsel, testified in-person, and the testimony of a VE was taken over the phone. T. 320-42. On March 7, 2016, ALJ McGuan issued an unfavorable finding that plaintiff was not disabled under the Act. T. 268-91.

In applying the required five-step sequential analysis, ALJ McGuan found that: (1) plaintiff had not engaged in substantial gainful activity since November 15, 2011, the application date; (2) plaintiff had the severe impairments of epilepsy/seizure disorder and obesity; (3) plaintiff's impairments did not meet or medically equal one of the listed impairments set forth in 20 C.F.R. § 404, Subpart P, Appendix 1; (4) plaintiff had the residual functional capacity ("RFC") to perform the full range of light work as defined in 20 C.F.R. § 416.967(b), but must avoid heights, ladders, ropes, scaffolds and dangerous machinery; can have no driving as part of the job requirements; but could occasionally interact with the public and occasionally understand, remember and carry out complex and detailed tasks;(5) plaintiff was unable to perform any past relevant work; and (6) taking into account plaintiff's age, education, work experience, and RFC, there are jobs that exist in significant numbers in the national economy that plaintiff can perform.  T. 277-86.

On March 17, 2016, plaintiff's counsel received a medical source statement from plaintiff's treating neurologist, Dr. Marc Frost, completed on March 16, 2016. *See* Docket No. 17-2. The source statement questionnaire had been submitted by plaintiff to Dr. Frost for completion on March 2, 2016. *Id.* at 5. Dr. Frost's source statement diagnosed plaintiff with "[e]pilepsy w/ intractable epilepsy, migraine, [and] obstructive sleep apnea." *Id.* at 2. He indicated plaintiff's last three seizures were on August 2, 2015; December 28, 2015; and January 30, 2016, and that her typical seizures could last up to ten minutes. *Id.* He noted that plaintiff's medications could cause dizziness and that she has memory problems associated with her condition. He opined plaintiff could not work at heights, could not operate a motor vehicle, could not work with power machines requiring an alert operator, would need more supervision at work than an unimpaired worker, and was able to tolerate moderate levels of work stress. *Id.* at 3.

After receiving Dr. Frost's source statement, plaintiff opted to not file an appeal with the Appeals Council, making ALJ McGuan's decision the final decision of the Commissioner. *See* T. 268-70. Plaintiff then commenced this action on May 9, 2016, and filed an affirmation containing Dr. Frost's source statement on March 1, 2017.

**C. Plaintiff's Objections to the R&R and Commissioner's Response to Plaintiff's Objections**

In response to the R&R, plaintiff raises the following two arguments: (1) ALJ McGuan improperly made his determination without

-4-

the benefit of any medical opinion, warranting remand; and (2) Dr. Frost's March 2016 report is new and material evidence that should be accepted by this Court because it undermines ALJ McGuan's determination. The Commissioner contends that (1) ALJ McGuan accounted for all nonexertional limitations; (2) Judge Roemer correctly applied ruling case law in the R&R; and (3) Judge Roemer properly found that Dr. Frost's opinion was not material and plaintiff lacked good cause for the failure to incorporate Dr. Frost's opinion into the record in a prior proceeding. For the reasons discussed below, the Court finds that plaintiff's objections are without merit.

**1. Assessment of the Medical Opinions of Record**

Plaintiff's medical record comprise more than 200 pages of the total record and include hospital records and treatment notes from November 2011 to June 2015. *See* T. 167-254, 488-628. Included in the record is the February 27, 2012 source statement of Dr. Adnan Munir, a treating physician at The Resource Center Primary Care, in which Dr. Munir indicated plaintiff was moderately limited in walking, standing, lifting/carrying, pushing, pulling, bending, and climbing. T. 218. ALJ McGuan assigned little weight to Dr. Munir's standing and walking limitations given Dr. Munir offered no justification for the limitations and the overall record did not support such a finding. T. 284. The remaining limitations were adopted by the ALJ, given they comport with the range of light work accorded in the RFC. *See* T. 278.

Plaintiff argues ALJ McGuan's assignment of little weight to Dr. Munir's standing and walking limitations equates to a full rejection of Dr. Munir's opinion, and thus renders the whole decision unsupported by substantial evidence. This Court disagrees.

An ALJ may properly decline to give controlling weight to a treating physician's opinion when that opinion is inconsistent with other substantial evidence in the record. *See Halloran v. Barnhart*, 362 F.3d 28, 32 (2d. Cir. 2004). As Judge Roemer's R&R notes, ALJ McGuan's review of all the evidence in the record supported his conclusion that Dr. Munir's standing and walking limitations were not supported and Dr. Munir's own treatment notes do not mention any exertional limitations. Docket No. 22 *referring to* T. 210-16. Therefore, as noted above, plaintiff's argument that ALJ McGuan's decision was effectively made without a medical opinion is without merit.

### 2. Consideration of New Evidence

Plaintiff's second argument is that new evidence possibly undermines ALJ McGuan's decision should be accepted by the Court. The Court agrees with the conclusions in the R&R that plaintiff fails to meet the materiality requirement of incorporating new evidence into the record and likewise fails to satisfy the good cause requirement.

The Court "may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the

record in a prior proceeding." 42 U.S.C. §405(g). In *Tirado v. Bowen*, 842 F.2d 595 (2d Cir. 1988), the Second Circuit held that "[a claimant] must show that the proffered evidence is (1) new and not merely cumulative of what is already in the record. . . (2) material, that is, both relevant to the claimant's condition during the time period for which benefits were denied and probative. . . [and] (3) [there was] good cause for her failure to present the evidence earlier." *Id.* at 597 (internal quotation marks and citations omitted).

Plaintiff submitted Dr. Frost's source statement on March 1, 2017, accompanying her motion for judgment on the pleadings. *See* Docket No. 17. The limitations imposed by Dr. Frost in his source statement nearly mirror the limitations ALJ McGuan assigned in his RFC, notably that plaintiff must avoid heights, dangerous machinery, and driving as part of her work duties, and should only occasionally need to understand, remember and carry out complex and detailed tasks. *Comparing* Docket No. 17-2 at 3 *with* T. 278. Such similar findings fail to qualify as "new" evidence, falling short of the first requirement in the *Tirado* standard. Furthermore, plaintiff fails to provide any explanation as to why ALJ McGuan was not notified prior to making his final decision that additional records were being requested of plaintiff's doctor or why plaintiff's counsel failed to proffer the evidence in any filings made from the date of the original complaint (May 9, 2016) until they were submitted on March 1, 2017. *See* Docket No. 1. Without any

explanation to base a "good cause" judgment on, the Court finds that Judge Roemer properly found that plaintiff failed to satisfy the good cause requirement.

For the reasons set forth above, upon its *de novo* review and after careful consideration of plaintiff's objections, the Court adopts the R&R in its entirety and accepts the recommendation that plaintiff's motion for a judgment on the pleadings be denied and that defendant's motion for a judgment on the pleadings be granted.

## III. Conclusion

For the reasons set forth above, the R&R (Docket No. 22) is adopted.  The Commissioner's motion for a judgment on the pleadings (Docket No. 20) is granted, and plaintiff's motion for a judgment on the pleadings (Docket No. 17) is denied.  The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

**S/Michael A. Telesca**

_____
      MICHAEL A. TELESCA
   United States District Judge

Dated:    April 27, 2018
          Rochester, New York